**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 05-20094-01-CM** |
| **THEOGEN GARNER,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Theogen Garner's Motion for Judgment of Acquittal (Doc. 37) and defendant's Motion for New Trial (Doc. 38).

## I. Background

On September 15, 2005, defendant was charged with one count of possession with intent to distribute more than fifty grams of a substance or mixture containing cocaine base ("crack cocaine") within 1,000 feet of the real property comprising the University of Kansas. Prior to trial, defendant moved to suppress the cocaine base seized during his arrest as having been seized in violation of the Fourth Amendment. The court denied defendant's motion to suppress. On February 8, 2006, after a two-day trial, defendant was found guilty by a jury of the count as charged in the indictment.

## II. Defendant's Motions[1]

[1]In reviewing both a motion for new trial and a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999).

### A. Motion for Judgment of Acquittal

The court must uphold the jury's guilty verdict if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Springfield*, 196 F.3d 1180, 1184 (10th Cir. 1999)). "The evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000).

The jury in this case was instructed that they must find beyond a reasonable doubt that "the weight of the substance containing a detectable amount of cocaine base ("crack cocaine") the defendant possessed was at least fifty grams." *See* Jury Instruction No. 17. Based on the language of that instruction, defendant contends that he was charged with, and convicted of, the crime of possession with intent to distribute a single substance containing a detectable amount of cocaine base which weighed at least fifty grams.

At the trial of this matter, Brad Crow, a Kansas Bureau of Investigation Laboratory chemist, testified that he tested two exhibits admitted into evidence which contained white rock-like substances (Exs. 3 and 7). Mr. Crow analyzed a representative sample of the substance contained in the bag removed from the defendant's pocket, which was exhibit 3. With respect to exhibit 3, Mr. Crow testified that cocaine base was detected in the substance with a net weight of 13.35 grams. Mr. Crow testified that the representative sample he tested was consistent in color, texture, and appearance, and appeared to be the same substance, as the rest of the substance contained in the bag.

Mr. Crow also analyzed a representative sample of the substance contained in the large bag removed from behind the defendant's truck seat, which was exhibit 7. Mr. Crow testified that it contained three

relatively large rocks of white substances and a number of smaller rocks. Cocaine base was detected in the substance with a net weight of 82.31 grams. Mr. Crow testified that he did not weigh any of the rocks comprising exhibit 7 individually but that the combined weight of all the rocky substances contained in exhibit 7 weighed more than fifty grams. Mr. Crow testified that he tested a small sample of one of these rocks which contained cocaine base but did not test any of the other rocks which comprised exhibit 7. However, Mr. Crow again testified that the representative sample he tested was consistent in color, texture, and appearance, and appeared to be the same substance, as the rest of the substance contained in the bag.

Defendant contends that, since he was convicted of possessing with intent to distribute a substance containing a detectable amount of cocaine base which weighed more than fifty grams, there is an issue regarding whether exhibit 7 contained multiple substances (each rock a separate substance) or only one substance within the meaning of 21 U.S.C. §§ 841(a)(1) and 841(b)(a)(A)(iii), under which defendant was charged. Defendant contends that, because the words "substance" and "mixture" are not defined in the statute, they are to be given their ordinary meeting. Defendant contends that "a substance is anything that is tangible, occupies space, and has mass (weight)." Defendant thus contends that, under this definition, each of the individual rocks comprising exhibit 7 was a separate substance. Defendant further contends that, since Mr. Crow tested only one of the rocks in exhibit 7 for the presence of cocaine base and admitted that he did not individually weigh any of the rocks, there was insufficient evidence to convict defendant of possessing a substance containing a detectable amount of cocaine base which weighed more than fifty grams. Defendant contends that he was neither charged with, nor convicted of, the crime of possessing multiple substances containing a detectable amount of cocaine base with the substances' weight totaling more than fifty grams. As a result, defendant has requested that the court enter a judgment of acquittal and enter a judgment of

conviction on the lesser charge of possession of a substance containing a detectable amount of cocaine base with the weight of the substance being greater than five grams.

The government contends that it was very clear from Mr. Crow's testimony that the rocks, pieces, or chunks within exhibits 3 and 7 consisted of the same substance, which contained cocaine base, and that the weight of the substance in exhibits 3 and 7 was more than fifty grams. The government contends that, just because exhibits 3 and 7 each contained more than one rock, piece, or chunk of the substance containing cocaine base, it does not mean that they are each individual substances. The government points out that Mr. Crow conducted his forensic analysis in accordance with accepted scientific standards and contends that the government is not required to chemically analyze every rock, piece, or chunk of cocaine base found in the defendant's possession, where the accepted scientific practice supports the manner in which Mr. Crow conducted the analysis in this case.

As the government has pointed out, defendant has offered no legal authority for his argument that Mr. Crow's testing of the representative samples from exhibits 3 and 7 was not an accepted scientific practice. Moreover, the government points to case law which states that, "[t]he meaning of statutory language, plain or not, depends on context," *Holloway v. United States*, 526 U.S. 1, 7 (1999), and that "[t]he distinction between plural and singular words is not scrupulously observed in legislative language," *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001). The government thus contends that there is no significant difference between the use of the term "substance" or "substances" in the context of drug cases under 21 U.S.C. §§ 841(a)(1) and 841(b)(a)(A)(iii). The government points out that the jury found the defendant guilty of possessing more than fifty grams of a substance or mixture containing a detectable amount of cocaine base

within 1,000 feet of the real property comprising the University of Kansas, and that defendant has provided no authority to show that no reasonable jury would have found him guilty.

The court agrees. In the absence of any legal authority from defendant supporting his theory surrounding the interpretation of the word "substance" in the statute, and in light of the evidence presented at trial, the court finds no basis on which to grant defendant's motion. The court further finds that, based on the crime with which defendant was charged, and viewing all of the evidence presented at trial in a light most favorable to the government, there was ample evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. *See Haber*, 251 F.3d at 887. Accordingly, defendant's Motion for Judgment of Acquittal is denied.

**B. Motion for New Trial**

A court may grant the defendant a new trial "if required in the interest of justice." Fed. R. Crim. P. 33. Courts view motions for new trial with disfavor and grant them only with great caution. *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992). The defendant has the burden of proving the necessity of a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000).

Defendant's Motion for New Trial relies solely on defendant's position that the court made an erroneous ruling on defendant's motion to suppress before trial. Other than restating defendant's arguments made in support of his motion to suppress, defendant's motion raises no new issue or case law for the court's consideration. Accordingly, the court finds no grounds upon which to reverse its prior denial of the motion to suppress or to grant defendant a new trial.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal (Doc. 37) and defendant's Motion for New Trial (Doc. 38) are denied.

Dated this 18th day of April 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**