## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                        ) | |
| **Plaintiff,**              ) | |
|                                        ) | |
| v.                                     ) | **Case No. 05-20094-CM** |
|                                        ) | |
| THEOGEN GARNER,                        ) | |
|                                        ) | |
| **Defendant.**              ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Theogen Garner's motion for extension of time to file his motion under 28 U.S.C. § 2255 (Doc. 84).

**I.      Background**

On February 8, 2006, after a two-day trial, defendant was found guilty by a jury of possession with intent to distribute more than fifty grams of a substance or mixture containing cocaine base ("crack cocaine") within 1,000 feet of the University of Kansas.  Mr. Garner filed an appeal, and, on May 11, 2007, the Tenth Circuit Court of Appeals upheld his conviction and sentence.  The United States Supreme Court denied his petition for writ of certiorari on October 1, 2007.   On September 25, 2008, Mr. Garner filed a motion requesting an extension of time to file a motion pursuant to 28 U.S.C. § 2255.  He is requesting an extension due to delays in getting transcripts and audio recordings of his hearings.  He also requests an extension because he was placed in protective custody on September 9, 2008, which limited his access to the law library.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), defendant has one year from the time his conviction became final—the date that the Supreme Court denied his

petition for writ of certiorari—in which to file a motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255; *see also United States v. Lacey*, 993 F. Supp. 831, 834 (D. Kan. 1998); *United States v. Willis*, 202 F.3d 1279, 1281 (10th Cir. 2000) (holding that a conviction is final when the United States Supreme Court denies a petition for writ of certiorari). In the Tenth Circuit, the one year period of limitation is not jurisdictional; "it is in the nature of a statute of limitations and subject to equitable tolling." *United States v. Espino*, No. 03-20051-08-JWL, 2008 WL 544387, at *2 (D. Kan. Feb. 22, 2008) (citing *United States v. Housh*, No. 00-20053-01-JWL, 2002 WL 398733 (D. Kan. Feb. 27, 2002)); *see also United States v. Verners*, 15 F. App'x 657, 659 (10th Cir. 2001). A motion for extension of time to file a § 2255 motion is not ripe until the defendant actually files a § 2255 motion. *See Housh*, 2002 WL 398733, at *1 (dismissing a motion for extension of time because the question of equitable tolling is not ripe until the defendant actually files a § 2255 motion); *see also United States v. Daniels*, No. 05-3471, 2006 WL 1892584 (10th Cir. July 11, 2006) (affirming a district court's dismissal of a motion seeking to file a § 2255 motion out of time and holding the motion would only become ripe when a § 2255 motion had been filed). "When a motion for extension of time is filed without a § 2255 already being filed, the courts have discretion between either dismissing the motion or recharacterizing the motion as a § 2255 motion." *Espino*, 2008 WL 544387, at *2–3 (citing *Castro v. United States*, 540 U.S. 375, 383–84 (2003); *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). If the court recharacterizes the motion, the court must make the defendant aware of the risk associated with recharacterizing the motion as a § 2255 motion and allow the defendant an opportunity to contest the recharacterization or to withdraw or amend the motion. *Espino*, 2008 WL 544387, at *2–3.

The court intends to treat defendant's motion for extension of time as a motion under 28 U.S.C. § 2255 unless defendant files with the court a notice of his desire not to have it so treated—and thus to withdraw the motion—no later than November 21, 2008.  Alternatively, defendant may file a motion to amend his motion to explicitly set out his grounds for § 2255 relief no later than November 21, 2008.  If defendant does not move to amend the motion or withdraw the motion altogether, defendant's motion for extension of time will be construed as a § 2255 motion.  *See Kelly*, 235 F.3d at 1242.  If defendant does not respond, he cannot amend the § 2255 motion, and any and all motions filed thereafter under § 2255 will be construed as successive and can only be filed with permission by the Tenth Circuit Court of Appeals.  *See United States v. Franklin*, No. 03-10151-01-WEB, 2006 WL 3240842, at *1 (D. Kan. Nov. 7, 2006).  If defendant chooses to request to amend the motion under § 2255, he must include <u>all</u> claims that can be brought under 28 U.S.C. § 2255.  *Id.*

As defendant is aware, there is a one year statute of limitations period under § 2255, and that statute of limitations expired on October 1, 2008.  Therefore, if defendant chooses to request to amend his motion under § 2255, the statute of limitations will not be an issue—as a § 2255 motion will have been filed before the statue of limitations expired.  But if defendant chooses to withdraw his motion and later file a § 2255 motion, equitable tolling will be a hurdle defendant must overcome if his § 2255 motion is filed after the period of limitation, October 1, 2008.  "[E]quitable tolling is available only in very rare and exceptional circumstances where defendants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond their control."  *Espino*, 2008 WL 544387, at *3; *see also Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001).

**In conclusion, defendant is granted until November 21, 2008 to file either (1) a motion to withdraw his motion for extension of time and a notice of his desire not to have his motion**

**recharacterized as a motion under § 2255 or (2) a motion to amend the § 2255 motion, which**

**must state <u>all</u> claims that can be brought under 28 U.S.C. § 2255.**

   **IT IS THEREFORE ORDERED** that defendant is granted until November 21, 2008 to file

either (1) a motion to withdraw his motion for extension of time and a notice of his desire not to have

his motion recharacterized as a motion under § 2255 or (2) a motion to amend the § 2255 motion,

which must state <u>all</u> claims that can be brought under 28 U.S.C. § 2255.

   Dated this <u>20th</u> day of October 2008, at Kansas City, Kansas.


          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**