# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THEOGEN EDWARD GARNER, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case No. 05-20094-CM |
| ) | 08-2606-CM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff ) | |

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 95). Petitioner argues the motion should be granted on three grounds: (1) petitioner's Fourth Amendment rights were violated during the traffic stop when Officer Fulks delayed the stop in order to conduct a field interview for the Kansas Parole Board, (2) there was insufficient evidence presented to the jury that petitioner possessed with intent to distribute fifty or more grams of cocaine base, and (3) petitioner received ineffective assistance of counsel (Doc. 95). The government responded, arguing that petitioner's Fourth Amendment rights were not violated during the traffic stop, that the government did indeed produce evidence to the jury establishing that the total weight possessed by petitioner seized during the traffic stop exceeded fifty grams or more of cocaine base, and that, in fact, petitioner received effective assistance of counsel (Doc. 104). For the reasons set forth below, this court denies petitioner's § 2255 motion.

**I.     Factual and Procedural Background[1]**

---

[1] The facts of this case were extensively set out by the Tenth Circuit in their appeal mandate and will not be repeated here. *See United States v. Garner*, 223 F. App'x 792, 793–795 (10th Cir.

(continued...)

Petitioner was convicted by a jury of the crime of possession with intent to distribute more than fifty grams of cocaine base ("crack cocaine") within 1,000 feet of the University of Kansas, a public university, as charged in Count 1 of the Indictment on February 8, 2006. The undersigned sentenced petitioner to a term of life imprisonment on June 29, 2006.

Petitioner timely filed an appeal to the Tenth Circuit, which was dismissed by mandate, affirming the decision of the District Court. (Doc. 71.) The Supreme Court later denied petitioner's petition for writ of certiorari. (Doc. 72.) Petitioner timely filed the current motion.

## II. Legal Standard and Analysis

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the District Court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law.

Petitioner's first two grounds for the present motion, (1) arguing that a violation of petitioner's Fourth Amendment rights occurred when Officer Fulks delayed the traffic stop to conduct a field interview and (2) arguing that insufficient evidence was presented at trial to support petitioner's conviction of possession with intent to distribute fifty or more grams of cocaine base, were raised previously before this court and in petitioner's appeal to the Tenth Circuit. *See Garner*, 223 F. App'x at 795-796. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard,* 875 F.2d 789, 790-791 (10th Cir. 1989) (citing *United States v. Nolan,* 571 F.2d 528, 530 (10th Cir. 1978)). Although petitioner makes several new arguments in

---

[1] (...continued)
2007).

furtherance of the first ground, ultimately, both grounds have been heard and resolved by this court, and by the Tenth Circuit on appeal. Here, petitioner has not identified any special circumstances that would allow the court to reconsider these same issues raised now in a §2255 motion; therefore, petitioner cannot collaterally attack the prior decisions of this court or of the Tenth Circuit. *See Prichard*, 875 F.2d at 791; *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986) (stating that absent special circumstances, a §2255 motion cannot be used as a means to relitigate questions raised and considered by the trial court and on appeal).

Petitioner raises an ineffective assistance of counsel claim as his third ground for relief. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Petitioner claims that the jury would have found him not guilty had his attorney not: (1) failed to establish reasonable doubt by failing to question, at trial, the two officers from the traffic

-3-

stop about the passenger in the vehicle, Ginger Wilson; (2) failed to question the government's KBI witness, Sam Crow, as to the laboratory methods used to calculate the total weight of cocaine base and whether fifty grams could be accurately attributed to petitioner; (3) failed to argue that the delay from the traffic stop during the field interview violated his Fourth Amendment rights; and (4) failed to introduce evidence of five Kansas Department of Corrections (KDOC) Parole Certificates in furtherance of his Fourth Amendment violation argument.

Petitioner's first two ineffective assistance of counsel arguments, failure to present certain questions to certain witnesses at trial, address petitioner's counsel's trial strategy. "Counsel's cross-examination method is a matter of trial strategy subject to the strong presumption that the counsel acted reasonably." *Long v. Roberts*, 277 F. App'x 801, 804 (10th Cir. 2008) (quoting *Richie v. Mullin*, 417 F.3d 1117, 1124 (10th Cir. 2005)). This court has held before that even if defense counsel erred in his trial tactics, strategy, or policy, those mistakes do not constitute a deprivation of effective assistance of counsel. *United States v. Nolan*, 571 F.2d 528, 534 (10th Cir. 1978). The court will grant relief only if the issues raised by defendant involve a "fundamental defect" causing a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). It is defendant's duty to prove otherwise. *United States v. Rantz*, 862 F.2d 808, 811 (10th Cir. 1988) (quoting *Strickland*, 466 U.S. at 687-88, 692)).

Evidence in the record indicates that counsel for petitioner did indeed question both of the officers regarding whether they observed the passenger in the vehicle, and whether they saw the passenger move around the cabin while petitioner was out of the vehicle. (Doc. 64, 39–40, 77–78.) Evidence further indicates that petitioner's counsel questioned the government's witness, Sam Crow, regarding the laboratory methods used to calculate the weight of cocaine base attributable to plaintiff. (Doc. 64, 130–135, 137.) There is nothing to suggest that the manner in which counsel

cross-examined the government's witnesses was so unreasonable to fall below the *Strickland* standard resulting in a "complete miscarriage of justice." *David*, 417 U.S. at 346.

Petitioner's last two arguments, that his attorney failed to argue and present evidence to the jury regarding claims of Fourth Amendment violations, would not have impacted the jury's verdict. In fact, arguments regarding Fourth Amendment violations are not proper arguments for counsel to make to a jury. This court properly addressed these legal issues on petitioner's motion to suppress. *United States v. Gonzales*, 535 F.3d 1174, 1181 (10th Cir. 2008) (noting that a determination "of whether a search and seizure was reasonable under the Fourth Amendment is a question of law") (quoting *United States v. Sawyer*, 441 F.3d 890, 894 (10th Cir. 2006)).

After reviewing the record in its entirety, including transcripts from petitioner's motion to suppress hearing, jury trial and sentencing hearing, the court finds that petitioner's counsel's representation was not so deficient that it ultimately fell below a reasonable standard of care as required under *Strickland*. Petitioner's arguments for ineffective assistance of counsel fail. Ultimately, petitioner has failed to prove that relief under 28 U.S.C. § 2255 is warranted and the court denies his motion.

Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 125) is denied.

Dated this 22nd day of February, 2010, at Kansas City, Kansas.

>    **s/ Carlos Murguia**
>    **CARLOS MURGUIA**
>    **United States District Judge**